UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; UNIVERSITY OF WASHINGTON BOARD OF REGENTS; WASHINGTON STATE UNIVERSITY BOARD OF REGENTS; WASHINGTON STATE BOARD FOR COMMUNITY AND TECHNICAL COLLEGES; BOARD OF TRUSTEES FOR THE EVERGREEN STATE COLLEGE; CENTRAL WASHINGTON UNIVERSITY BOARD OF TRUSTEES; EASTERN WASHINGTON UNIVERSITY BOARD OF TRUSTEES; WESTERN WASHINGTON UNIVERSITY BOARD OF TRUSTEES; WASHINGTON STUDENT ACHIEVEMENT COUNCIL,<br><br>Defendants. | **Case No.** 2:26-3041<br><br>**COMPLAINT** |

Plaintiff, the United States of America, by and through its undersigned counsel, brings this civil action for declaratory and injunctive relief, and alleges as follows:

**INTRODUCTION**

1. Federal law prohibits illegal aliens from being eligible to receive postsecondary education benefits based on residence within a state if such benefits are denied to U.S. citizens residing in other states. *See* 8 U.S.C. § 1623(a). There are no exceptions. Yet Washington has ignored this Federal law for over two decades.



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

2. Washington grants illegal aliens "resident student" status for in-state tuition if they have a high school diploma or its equivalent, live in Washington for at least one year before entering an institution of higher education, and provide an affidavit declaring an intent to become a lawful permanent resident when eligible and a willingness to obtain U.S. citizenship Wash. Rev. Code ("W.R.C.") § 28B.15.012(2)(e).

3. Washington also allows illegal aliens to apply for and obtain state-funded grants under "the Real Hope/Washington Dream Act," codified at W.R.C. § 28B.92, *et seq.* Washington denies this same financial assistance to U.S. citizens from other states. And in 2020, Washington enacted W.R.C. § 28B.96, making illegal aliens eligible for state student loans.

4. These statutes constitute blatant unequal treatment favoring illegal aliens over U.S. citizens. Such preferential treatment is squarely prohibited and preempted by federal law mandating that "an alien who is not lawfully present in the United States *shall not* be eligible on the basis of residence within a State . . . for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit . . . without regard to whether the citizen or national is such a resident." 8 U.S.C. § 1623(a) (emphasis added). Accordingly, under the Supremacy Clause of the U.S. Constitution, Washington's extension of eligibility for postsecondary education benefits to illegal aliens under W.R.C. §§ 28B.15.012(2)(e), 28B.92.200(5)(c), and 28B.96 is unconstitutional and must yield to federal law.

5. Courts have long recognized 8 U.S.C. § 1623's express preemptive effect. *See, e.g.*, *Young Conservatives of Tex. Found. v. Smatresk*, 73 F.4th 304, 313 (5th Cir. 2023) (holding that Section 1623 "expressly preempts state rules that grant illegal aliens benefits when U.S. citizens haven't received the same. No matter what a state says, if a state did not make U.S. citizens eligible, illegal aliens cannot be eligible"); *Equal Access Educ. v. Merten*, 305 F. Supp. 2d 585, 606 (E.D. Va. 2004) (stating that under Section 1623(a), "public post-secondary institutions need not admit illegal aliens at all, but if they do, these aliens cannot receive in-state tuition unless out-of-state United States citizens receive this benefit"); *Foss v. Ariz. Bd. of Regents*, No. 1 CA-CV 18-0781, 2019 WL 5801690, at *8 (Ariz. Ct. App. Nov. 7, 2019) ("Section 1623 is directed at institutional practices, curtailing the authority of educational institutions to grant in-state tuition benefits to undocumented aliens. . . .").



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

6. Numerous courts have struck down similar in-state tuition laws as unconstitutional based on Section 1623's preemptive effect. *See, e.g.*, *United States v. Illinois*, No. 25-CV-1691, 2026 WL 2137256, at *8–11 (S.D. Ill. July 24, 2026) (finding Illinois in-state tuition statutes as applied to illegal aliens expressly preempted by Section 1623(a)); *United States v. Nebraska*, --- F.Supp.3d ---, No. 8:26-CV-172, 2026 WL 1584862 *27 (D. Neb. June 3, 2026) (holding Nebraska laws were preempted by Section 1623(a) because "they allow aliens unlawfully present in the United States to qualify as 'residents' of Nebraska for the purpose of post-secondary education benefits but deny such benefits to United States citizens of other states'");*United States v. Oklahoma*, No. 6:25-CV-00265, ECF No. 23 at 1 (E.D. Okla. Aug. 29, 2025) (Order and Final Consent Judgment) (holding that challenged Oklahoma in-state tuition laws "as applied to aliens who are not lawfully present in the United States, violates the Supremacy Clause and are unconstitutional and invalid"); *United States v. Texas*, No. 7:25-CV-00055, 2025 WL 1583869, at *1 (N.D. Tex. June 4, 2025) (permanently enjoining Texas defendants from enforcing Texas Education Code §§ 54.051(m) and 54.052(a) because the challenged provisions violated the Supremacy Clause). This Court should do the same.

**JURISDICTION AND VENUE**

7. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345.

8. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this Complaint arose from events occurring within this judicial district.

9. The Court has the authority to provide the relief requested under the Supremacy Clause, U.S. Const. art. VI, cl. 2; 28 U.S.C. §§ 1651, 2201, and 2202; and the Court's inherent equitable powers.

**PARTIES**

10. Plaintiff, the United States of America, regulates immigration under its inherent, constitutional, and statutory authorities. Plaintiff enforces federal immigration laws through its Executive agencies, including the Department of Justice, Department of Homeland Security ("DHS"), and DHS component agencies, U.S. Immigration and Customs Enforcement, U.S. Citizenship and Immigration Services, and U.S. Customs and Border Protection.


U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

11. Defendant State of Washington is a state of the United States.

12. Defendant University of Washington Board of Regents ("UW Board") is the governing body of the University of Washington. *See* W.R.C. § 28B.20.130. The UW Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).

13. Defendant Washington State University Board of Regents ("WSU Board") is the governing body of the Washington State University. *See* W.R.C. § 28B.30.100. The WSU Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).

14. Defendant Washington State Board for Community and Technical College ("CTC Board") governs and oversees Washington's community and technical college system. *See* W.R.C. § 28B.50.050. The CTC Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).

15. Defendant Board of Trustees for the Evergreen State College ("ETC Board") is the governing body of Evergreen State College. *See* W.R.C. § 28B.40.100. The ETC Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).

16. Defendant Central Washington University Board of Trustees ("CWU Board") is the governing body of Central Washington University. *See* W.R.C. § 28B.35.100. The CWU Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).

17. Defendant Eastern Washington University Board of Trustees ("EWU Board") is the governing body of Eastern Washington University. *See* W.R.C. § 28B.35.100. The EWU Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).

18. Defendant Western Washington University Board of Trustees ("WWU Board") is the governing body of Western Washington University. *See* W.R.C. § 28B.35.100. The WWU Board is responsible for charging and collecting tuition from students, including illegal aliens who receive resident tuition. *See* § 28B.15.100, 28B.15.012(2)(e).



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

19. Defendant Washington Student Achievement Council ("WSAC") is an executive branch agency of the state of Washington that administers financial aid programs for postsecondary education including grants, loans, and scholarships. *See* W.R.C. § 28B.77, *et seq.* WSAC adopts rules used by state institutions to determine a student's status as a resident or non-resident consistent with state law. *See* § 28B.15.015. WSAC also designs the student loan program in consultation with the state treasurer and the state investment board, and reports the design, sustainability, and implementation of the program to the governor. § 28B.93.020. WSAC directs the Office of Student Financial Assistance ("OSFA"),[1] which administers "state and federal financial aid and other education services programs, including the advanced college tuition payment program." §§ 28B.76.090, 28B.76.500, 28B.76.540.[2]

**FEDERAL LAW**

20. The Constitution empowers Congress to "establish an uniform Rule of Naturalization," U.S. Const. art. I, § 8, cl. 4, and to "regulate Commerce with foreign Nations," U.S. Const. art. I, § 8, cl. 3.

21. The Constitution also vests the President of the United States with "[t]he executive Power," U.S. Const. art. II, § 1, and authorizes the President to "take Care that the Laws be faithfully executed," U.S. Const. art. II, § 3, which necessarily includes his duty to take care over immigration matters.

22. The United States has inherent, well-established, preeminent, and preemptive authority to regulate immigration matters. This authority derives from its inherent obligations as a sovereign, the Constitution, and numerous acts of Congress. *See, e.g.*, *Fong Yue Ting v. United States*, 149 U.S. 698, 711 (1893) ("The right to exclude or to expel all aliens, or any class of aliens, absolutely or upon certain conditions, in war or in peace, [is] an inherent and inalienable right of every sovereign and independent nation, essential to its safety, its independence, and its

[1] For example, OFSA provides a financial aid counseling curriculum including college grant program rules, on campus and private scholarships, and an overview of student loan options. W.R.C. § 28B.76.502. OFSA expends funds on illegal aliens from the § 28B.92 financial aid account. *See* § 28B.76.525. OFSA also designs the support loan program for illegal aliens, and has the power to select eligible students, issue loans to illegal aliens, establish annual and lifetime loan limits, and adopt rules to implement the program. *See* § 28B.96.020.

[2] Collectively, all defendants are referred herein as "Washington" or "Washington Defendants."



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

welfare . . . ."); *Ping v. United States*, 130 U.S. 581, 603–04 (1889) ("Jurisdiction over its own territory to that extent is an incident of every independent nation. It is a part of its independence. If it could not exclude aliens it would be to that extent subject to the control of another power."); *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950) ("The exclusion of aliens is a fundamental act of sovereignty. The right to do so stems not alone from legislative power but is inherent in the executive power to control the foreign affairs of the nation. When Congress prescribes a procedure concerning the admissibility of aliens, it is not dealing alone with a legislative power. It is implementing an inherent executive power.").

23. Based on its enumerated constitutional and sovereign powers to control and conduct relations with foreign nations, the Federal Government has broad authority to establish immigration laws. *See Fiallo v. Bell*, 430 U.S. 787, 798 (1977) (explaining that matters of immigration concern "policy questions entrusted exclusively to the political branches of our Government," leaving "no judicial authority" for courts "to substitute [their] political judgment for that of the Congress").

24. In 1996, Congress passed the Personal Responsibility and Work Opportunity Reconciliation Act ("PRWORA") and the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). *See* PRWORA, Pub. L. No. 104-193, 110 Stat. 2268 (1996); IIRIRA, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546 (1996). Those Acts sought to encourage self-sufficiency among immigrants, limit their dependence on public assistance, and prevent public benefits from serving as an incentive for illegal immigration. *See id.*; *see also* 8 U.S.C. § 1601(1) ("Self-sufficiency has been a basic principle of United States immigration law since this country's earliest immigration statutes.").

25. Congress declared that "aliens within the Nation's borders [should] not depend on public resources to meet their needs, but rather rely on their own capabilities and the resources of their families, their sponsors, and private organizations." *Id.* § 1601(2)(A).

26. Congress also emphasized that "the availability of public benefits [should] not constitute an incentive for immigration to the United States." *Id.* § 1601(2)(B).

27. Moreover, Congress determined that "[i]t is a compelling government interest to enact new rules for eligibility and sponsorship agreements in order to assure that aliens be self-



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

reliant in accordance with national immigration policy" and "to remove the incentive for illegal immigration provided by the availability of public benefits." 8 U.S.C. § 1601(5), (6).

28. Accordingly, a state may not offer in-state tuition (or "resident tuition") benefits to illegal aliens present in the United States based on their residence in the state, if those same benefits are denied to American citizens from other states. *See* 8 U.S.C. § 1623(a). IIRIRA included a clear "[l]imitation on eligibility for preferential treatment of aliens not lawfully present on basis of residence for higher education benefits." *Id*.

29. Section 1623(a) provides that:

> Notwithstanding any other provision of law, an alien who is not lawfully present in the United States shall not be eligible on the basis of residence within a State (or a political subdivision) for any postsecondary education benefit unless a citizen or national of the United States is eligible for such a benefit (in no less an amount, duration, and scope) without regard to whether the citizen or national is such a resident.

8 U.S.C. § 1623(a).

30. Accordingly, under 8 U.S.C. § 1623(a), illegal aliens present in the United States are not eligible for postsecondary education benefits based on state residency unless those same benefits are also offered to all American citizens, regardless of their state of residence.

31. On February 19, 2025, President Trump issued Executive Order 14218, *Ending Taxpayer Subsidization of Open Borders*,[3] ordering Federal Departments and Agencies to "ensure, to the maximum extent permitted by law, that no taxpayer-funded benefits go to unqualified aliens." *Id*. at § 2(a).

32. On April 28, 2025, President Trump issued Executive Order 14287, *Protecting American Communities From Criminal Aliens*,[4] directing relevant officials to ensure the "[e]qual [t]reatment of Americans" and to "take appropriate action to stop the enforcement of State and local laws, regulations, policies, and practices favoring aliens over any groups of American

[3] Executive Order, *Ending Taxpayer Subsidization of Open Borders*, 90 Fed. Reg. 10581 (Feb. 19, 2025), https://www.whitehouse.gov/presidential-actions/2025/02/ending-taxpayer-subsidization-of-open-borders/.

[4] Executive Order, *Protecting American Communities From Criminal Aliens*, 90 Fed. Reg. 18761 (Apr. 28, 2025), https://www.whitehouse.gov/presidential-actions/2025/04/protecting-american-communities-from-criminal-aliens/.



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

citizens that are unlawful, preempted by Federal law, or otherwise unenforceable, including State laws that provide in-State higher education tuition to aliens but not to out-of-State American citizens." *Id*. at § 5.

33. These Executive Orders emphasize that state governments must not confer greater benefits to illegal aliens present in our Nation than to U.S. citizens. They also reflect Congress's end—expressed in multiple provisions of the Immigration and Nationality Act—to reduce incentives for illegal immigration by limiting access to certain public benefits intended for U.S. citizens.

## WASHINGTON LAWS

### I. Washington Makes Illegal Aliens Eligible for Resident Tuition.

34. Washington law rewards an illegal alien present in the U.S. with eligibility for in-state tuition based on residency within Washington, while explicitly denying eligibility for resident tuition rates to U.S. citizens who are not Washington residents. *See* W.R.C. § 28B.15.012(2)(e).

35. Washington charges distinct resident and non-resident tuition rates at state institutions of higher education (also known as postsecondary institutions).[5] *See* W.R.C. § 28B.15, *et seq*. Washington allows illegal aliens who establish residency in Washington to benefit from reduced, resident tuition rates while denying that same benefit to U.S. citizens who are not residents. *See* W.R.C. §§ 28B.15.012(2)(e), 28B.15.022, 28B.15.067, 28B.15.100, WSAC, *Student Residency*, https://wsac.wa.gov/student-residency (demonstrating that Washington residents "of any citizenship or immigration status" pay resident tuition).

36. Increases in tuition for resident undergraduates at institutions of higher education are subject to restrictions by law based on the growth rate in the median hourly wage for Washington. *See* W.R.C. § 28B.15.067(2). In contrast, tuition for non-resident students may be increased without such limitations by the governing boards of the state and regional universities and state college, and the state board for community and technical colleges. § 28B.15.067(3).

[5] "Institutions of higher education" or "Postsecondary institutions" include state universities (University of Washington and Washington State University), regional universities (Western Washington University, Central Washington University, and Eastern Washington University), Evergreen State College, community colleges, and technical colleges. W.R.C. § 28B.10.016(1)-(3). "Community and Technical Colleges" are two-year institutions offering programs leading to applied baccalaureate degrees. *See* §§ 28B.50.810, 28B.50.020.



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

37. W.R.C. § 28B.15 *et seq.* makes illegal aliens living in Washington eligible to receive resident tuition in Washington. Section 28B.15.012 (2)(e) currently provides that "resident" student[6] status means:

> Any person who has completed and obtained a high school diploma, or a person who has received the equivalent of a diploma;
>
> who has continuously lived in the state of Washington for at least a year primarily for purposes other than postsecondary education before the individual is admitted to an institution of higher education under subsection (1) of this section;
>
> and who provides to the institution an affidavit indicating that the individual will file an application to become a permanent resident at the earliest opportunity the individual is eligible to do so and a willingness to engage in any other activities necessary to acquire citizenship, including but not limited to citizenship or civics review courses.

W.R.C. § 28B.15.012(e) (format adjusted for clarity).

38. Washington residents pay different tuition rates than nonresidents. §§ 28B.15.011, 28B.15.022, 28B.15.067, 28B.15.100.

39. For example, resident tuition for 2026-2027 at the University of Washington is $13,406 compared to $44,460 for non-resident tuition for 2026-2027.[7] Similarly, Western Washington University currently charges Washington residents $8,808 while charging non-resident students $27,717 for one year of tuition and fees.[8] Washington's other public institutions of higher education,[9] including community and technical colleges in Washington,[10] have the same structure of an in-state tuition for Washington residents that is significantly lower than non-resident tuition for non-Washington residents.

---

[6] W.R.C. § 28B.15.012 defines "resident student" for the entirety of Chapter 28B.15. Portions of the chapter use interchangeable terms, including "resident undergraduate," as a category of "resident student." *See e.g.* § 28B.15.067.

[7] University of Washington, *Cost of Attendance*, https://admit.washington.edu/costs/coa/.

[8] Western Washington University, *Tuition and Expenses,* https://admissions.wwu.edu/cost.

[9] *See, e.g.*, Evergreen State College, *Cost of Attendance*; https://www.evergreen.edu/admissions-and-aid/cost-attendance (charging $8,643 for in-state resident tuition compared to $32,805 for nonresident tuition); Washington State University, *Tuition & Expenses: Direct vs Indirect Costs*, https://financialaid.wsu.edu/tuition-and-expenses/#direct-indirect (charging $6,349 for in-state resident tuition compared to $15,185 for nonresident tuition).

[10] *See, e.g.*, Spokane Falls Community College, *Tuition, Fees, and Waivers*, https://shared.spokane.edu/ccsglobal/media/Global/PDFs/District/BusinessOffice/Spokane-Colleges-Tuition-and-Fees-Schedule-2026-27.pdf



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

40. Sections 28B.15.012, 28B.15.067, and 28B.15.100 reward illegal aliens with eligibility for these resident tuition benefits in Washington while denying that same benefit to U.S. citizens who are not residents of Washington.

41. Accordingly, illegal aliens in Washington who satisfy residency criteria under W.R.C. § 28B.15.012(2)(e) receive the same tuition rate as other Washington residents. *Id.*, 28B.15.067, and 28B.15.100. However, a U.S. citizen who does not meet the residency requirements under § 28B.15.012(2) is not eligible for resident tuition and is required to pay higher, nonresident tuition. *See e.g.* W.R.C. § 28B.15.022 (distinguishing between resident and non-resident tuition); § 28B.15.067 (setting limits on increases for resident tuition without limiting non-resident tuition); § 28B.15.100 (directing public institutions to charge and collect tuition, and limiting tuition fees for Washington residents).

## II. Washington Makes Illegal Aliens Eligible for Scholarships and Financial Assistance for Postsecondary Education Based on Residence.

42. Washington law also rewards illegal aliens with eligibility for state-funded scholarships and financial assistance including state grants and loans based on residence within Washington while explicitly denying eligibility for the same state-funded scholarships and financial assistance to U.S. citizens who are not Washington residents. *See* W.R.C. §§ 28B.92.200, 28B.96, *et seq*.

### A. <u>Illegal Aliens are Eligible for Residence-Based Grant Programs in Washington</u>

43. Washington established the Washington College Grant ("WA Grant") program "to provide a statewide free college program for eligible participants and greater access to postsecondary education for Washington residents." W.R.C. § 28B.92.200(1). The program's goal is to "increase the number of high school graduates and adults that can attain a postsecondary credential and provide them with the qualifications needed to compete for job opportunities in Washington." *Id.*

44. WSAC directs OFSA, which distributes WA Grant funds to students. *See* W.R.C. §§ 28B.77, 28B.76.525.



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

45. Eligibility for the WA Grant is based on factors including residence, specifically being “a resident student as defined in RCW 28B.15.012(2) (a) through (e).” W.R.C. § 28B.92.200(5)(c) (incorporating by reference the law allowing illegal aliens to be considered Washington residents).

46. The WA Grant rewards illegal aliens with eligibility for financial assistance based on residency while denying that same benefit to U.S. citizens who are not residents of Washington. W.R.C. § 28B.92.200(5)(c).

B. Undocumented Student Support Loan Program

47. Washington also makes illegal aliens eligible for state-funded student loans based on residence through the Undocumented Student Support Loan Program. *See* W.R.C. § 28B.96, *et seq*. This program is specifically for illegal aliens who meet Washington State residency requirements. *See* W.R.C. § 28B.96.005.

48. To be eligible, students must meet the Washington residency requirements of Section 28B.15.012(e) and not “qualify for federally funded student financial aid because of their citizenship status.” W.R.C. §§ 28B96.010(1)(a), 28B96.010(1)(e).

49. Any person, including illegal aliens, who meets the residency requirements under W.R.C. § 28B.15.012(2)(e) is eligible for the loan program. *See* § 28B.96.010(1)(5)(d).

50. The OSFA designs and administers this loan program under the direction of WSAC. W.R.C. §§ 28B.77, 28B.93.020, 28B.96.020 *et seq*. OSFA’s goal is to ensure illegal aliens are eligible to receive the same amount of financial assistance through Washington State loans that U.S. citizens receive through federal loans. § 28B.96.020, *et seq*.

51. The loan program is funded by appropriations by the legislature into a matching account that is used only for this program. W.R.C. § 28B.96.030, *et seq*.

52. U.S. citizens from other states are not eligible for assistance from this program.



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATION OF THE SUPREMACY CLAUSE

## (PREEMPTION OF W.R.C. § 28B.15, *et seq.* – TUITION)

53. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

54. The Supremacy Clause of our Nation's Constitution mandates that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2.

55. The preemption doctrine is derived from the Supremacy Clause. Express preemption occurs when Congress includes express language within the statute indicating its preemptive intent. *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000).

56. Washington defines a "resident" student as:

> Any person who has completed and obtained a high school diploma, or a person who has received the equivalent of a diploma;
>
> who has continuously lived in the state of Washington for at least a year primarily for purposes other than postsecondary education before the individual is admitted to an institution of higher education under subsection (1) of this section; and
>
> who provides to the institution an affidavit indicating that the individual will file an application to become a permanent resident at the earliest opportunity the individual is eligible to do so and a willingness to engage in any other activities necessary to acquire citizenship, including but not limited to citizenship or civics review courses.

W.R.C. § 28B.15.012(2)(e).

57. W.R.C. § 28B.15.012(2)(e), 28B.15.067, and 28B.15.100 extend eligibility for resident tuition to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits (lower, resident tuition rates) to illegal aliens residing in Washington that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

58. Accordingly, W.R.C. § 28B.15, *et seq.*, is preempted and unconstitutional.



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

**COUNT II**

**VIOLATION OF THE SUPREMACY CLAUSE**

**(PREEMPTION OF W.R.C. § 28B.92.200(5)(c) – FINANCIAL AID GRANTS)**

59. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

60. Section 28B.92.200(5)(c) extends eligibility for residency-based financial aid benefits, specifically grants, to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

61. Accordingly, W.R.C. § 28B.92.200(5)(c) is preempted and unconstitutional.

**COUNT III**

**VIOLATION OF THE SUPREMACY CLAUSE**

**(PREEMPTION OF W.R.C. § 28B.96 – FINANCIAL AID LOANS)**

62. The United States hereby incorporates the preceding paragraphs of the Complaint as if fully stated herein.

63. Section 28B.96 extends eligibility for resident financial aid loans to illegal aliens contrary to Congress's prohibition on providing eligibility for postsecondary education benefits based on residency to illegal aliens present in the United States that are not available to all U.S. citizens regardless of residency. *See* 8 U.S.C. § 1623(a).

64. Accordingly, W.R.C. § 28B.96 is preempted and unconstitutional.

**PRAYER FOR RELIEF**

WHEREFORE, the United States respectfully requests the following relief:

1. That this Court enter a judgment declaring W.R.C. §§ 28B.15, 28B.92.200(5)(c), and 28B.96 violate the Supremacy Clause because they extend eligibility for postsecondary education benefits to illegal aliens based on residency without providing that benefit to U.S. citizens residing in other states, and are therefore unconstitutional and invalid;



U.S. DEPT. OF JUSTICE
P.O. BOX 386
Washington, DC 20044-0386
(202)-227-7416

2. That this Court issue a permanent injunction that prohibits Defendants as well as their successors, agents, and employees, from enforcing W.R.C. §§ 28B.15.012(2)(e), 28B.92.200(5)(c), and 28B.96—or any similar future or successor statutes—because they extend eligibility for postsecondary education benefits to illegal aliens based on residency without providing that benefit to U.S. citizens residing in other states;

3. That this Court award the United States its costs and fees in this action; and

4. That this Court award any other relief it deems just and proper.

DATED: August 27, 2026

Respectfully Submitted

CHARLES NEIL FLOYD
First Assistant United States Attorney
Western District of Washington

STANLEY E. WOODWARD, JR.
Associate Attorney General

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANNA EDWARDS
Counsel to the Associate Attorney General

JACQUELINE COLEMAN SNEAD
Deputy Director

*s/ Brandon D. Neuman*
BRANDON D. NEUMAN
Trial Attorney

U.S. Department of Justice
Civil Division
Enforcement & Affirmative Litigation Branch
P.O. Box 386
Washington, DC 20044
(202) 227-7416
Brandon.Neuman@usdoj.gov

*Attorneys for the United States*